Filed 9/15/20  P. v. Snyder CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANTHONY SNYDER,<br><br>    Defendant and Appellant. | B299921<br><br>(Los Angeles County<br>Super. Ct. No. BA012694) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Amanda V. Lopez and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found Michael Anthony Snyder guilty of the murder of James Pickett during a residential burglary, which occurred after Snyder and another individual forcibly entered Pickett's home on January 19, 1990. Snyder was sentenced to an indeterminate state prison term of 15 years to life for the murder, plus one year for a firearm enhancement. The sentence for the burglary conviction was stayed pursuant to Penal Code section 654.[1] This court affirmed Snyder's convictions on direct appeal. (*People v. Snyder* (Apr. 7, 1993, B056621) [nonpub. opn.].)

On January 4, 2019 Snyder petitioned to vacate his murder conviction and for resentencing under section 1170.95. The superior court summarily denied the petition without first appointing counsel, ruling that, while Snyder may have met section 1170.95's requirements for relief, that section is unconstitutional.

We reverse the postjudgment order and remand for the superior court to appoint counsel for Snyder and to consider his petition in accordance with the procedures described in our opinion in *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted March 18, 2020, S260493 (*Verdugo*).[2]

---

[1]    Statutory references are to this code unless otherwise stated.

[2]    The Supreme Court in *Verdugo, supra*, S260493 ordered briefing deferred pending its disposition of *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598. The Court limited briefing and argument in *People v. Lewis* to the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Snyder's Conviction for Murder*

    a. *The shooting*

As described in our 1993 opinion,[3] the evidence at trial established that, on the afternoon of January 19, 1990, Pickett arrived home and told his foster sister he had just had an argument with Snyder, who lived down the street and with whom Pickett had been friends when they were children. Approximately 30 minutes later someone knocked on the door of Pickett's house. His foster sister asked who was there but got no response. Looking out the window she saw Snyder standing on the porch and another man standing on the sidewalk at the corner of the property. She did not open the door.

Snyder walked to the house's side door and asked through the security screen whether Pickett was home. Snyder appeared angry. While Snyder was at the side door, the other man kicked down the front door and knocked Pickett's foster sister to the floor. The second man then let Snyder into the house through the side door.

Pickett and Snyder began fighting. While they struggled, Snyder's companion fired a revolver one to three times at Pickett, hitting him in the chest and/or abdomen. At that point a car

---

section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"

[3]    Our 1993 opinion affirming Snyder's convictions is not in the record. It is clear from the superior court's order it consulted our opinion, but counsel notes the opinion is not available electronically. We augment the record on our own motion to include our 1993 opinion. (Cal. Rules of Court, rule 8.340(c).)

drove up in front of the house, and the driver honked the horn multiple times. Snyder and the gunman ran out of the house and entered the car, which drove away at a high speed. Neither Snyder nor the gunman spoke during the incident. Pickett died.

### b. *The trial: instructions and verdict*

Snyder was charged in an information with one count of murder (§ 187, subd. (a)) and one count of residential burglary (§ 459). The information specially alleged as to both counts that a principal was armed with a firearm during the commission of the offense. (§ 12022, subd. (a)(1).)

At trial the prosecution relied on a conspiracy theory of liability and, in the alternative, an aider and abettor theory of liability. The exact language of the jury instruction given regarding conspiracy liability is not in the record, but in our 1993 opinion we recounted, "once a defendant is found to be a member of a conspiracy, he is not only liable for the crimes actually contemplated, but is also liable for all the natural and probable or reasonably foreseeable consequences of the originally contemplated objective of the conspiracy. (CALJIC No. 6.11.)"[4] (*People v. Snyder*, *supra*, B056621, at p. 10.) The alleged alternative objects of the conspiracy in this case were "(1) assault with a deadly weapon; (2) assault with force likely to produce

---

[4]     In 1990 CALJIC No. 6.11 stated, in part, "A member of a conspiracy is not only guilty of the particular crime that to [his] [her] knowledge [his] [her] confederates are contemplating committing, but is also liable for the natural and probable consequences of any act of a co-conspirator to further the object of the conspiracy, even though such an act was not intended as a part of the original plan and even though [he] [she] was not present at the time of the commission of such act."

great bodily injury; (3) battery with serious bodily injury; or, (4) murder." (*Id.* at p. 6.)

As to aider and abettor liability, using CALJIC No. 3.02,[5] the court instructed the jury criminal liability of an aider and abettor extends to "'the reasonably foreseeable consequences of <u>any criminal act</u> he knowingly and intentionally aided and abetted.'" (*People v. Snyder, supra,* B056621, at pp. 11-12.)

The jury found Snyder guilty of second degree murder and residential burglary and found the firearm allegations true. These convictions were affirmed on appeal.

2. *Senate Bill No. 1437 and Snyder's Petition for Resentencing*

   a. *Senate Bill No. 1437 and the section 1170.95 petition procedure*

Senate Bill No. 1437 (2017- 2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder through amendments to sections 188 and 189. New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be

---

[5] In 1990 CALJIC No. 3.02 stated, in part, "One who aids and abets is not only guilty of the particular crime that to [his] [her] knowledge [his] [her] confederates are contemplating, but [he] [she] is also liable for the natural and probable consequences of any criminal act that [he] [she] knowingly and intentionally aided and abetted."

5

imputed to a person based solely on his or her participation in a crime."

New section 189, subdivision (e), in turn, provides with respect to a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), in which a death occurs—that is, as to those crimes that provide the basis for the charge of first degree felony murder—that an individual is liable for murder "only if one of the following is proven:  [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also permits, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  The petition must include:  "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1); see *Verdugo*, *supra*, 44 Cal.App.5th at pp. 326-327.)

If any of this required information "is missing and cannot be readily ascertained by the court, 'the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information.' (§ 1170.95, subd. (b)(2).)" (*Verdugo*, *supra*, 44 Cal.App.5th at p. 327.) If, however, "the petition contains all required information, section 1170.95, subdivision (c), prescribes a two-step process for the court to determine if an order to show cause should issue: 'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.'" (*Ibid.*)

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo*, *supra*, 44 Cal.App.5th at p. 327.) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

### b. *Snyder's section 1170.95 petition*

In January 2019 Snyder petitioned for resentencing under newly enacted section 1170.95. In his petition on the Re:Store Justice form (see *Verdugo, supra*, 44 Cal.App.5th at p. 324 & fn. 2), Snyder checked boxes declaring an information had been filed against him allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; at trial he had been convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and he could not now be convicted of first or second degree murder because of the amendments to sections 188 and 189. He also checked the box requesting appointment of counsel for the resentencing process.

### 3. *The Superior Court's Ruling Denying the Petition*

The superior court summarily denied Snyder's petition. After briefly summarizing the statement of facts from our opinion on appeal, the court explained, "The petitioner was ultimately tried under a conspiracy theory as well as under an aiding and abetting theory of liability. Specifically, aiding and abetting and/or conspiracy to commit an assault upon the victim which ultimately resulting in his death. Although the petitioner was not tried under a felony murder rule, it appears . . . that a derivative of the natural and probable consequences theory was in part relied upon by the prosecution. Seemingly, malice was imputed upon the petitioner." Based on this evidence the superior court concluded, "[i]t appears that the petitioner may be entitled to relief pursuant to Penal Code 1170/SB 1437 as he was neither the actual killer nor one who with the intent to kill aided

in the killing nor one who was a major participant who acted with reckless indifference."

Nonetheless, the superior court denied the petition, ruling Senate Bill 1437 and section 1170.95 are unconstitutional because Senate Bill 1437 impermissibly amended two California initiatives, Propositions 7 (the Death Penalty Act, approved by the voters in November 1978) and 115 (the Crime Victims Justice Reform Act, approved by the voters in June 1990); violated the California Constitution (as amended by Proposition 9 in 2008, the Victims' Bill of Rights Act of 2008, commonly known as Marsy's Law) insofar as it purported to vacate final judgments in criminal cases; and violated the separation of powers doctrine by infringing on core judicial functions.

## DISCUSSION

1. *Section 1170.95 Is Constitutional*

Snyder contends, and the Attorney General agrees, the superior court erred in holding that section 1170.95, as enacted through Senate Bill 1437, was unconstitutional. In a comprehensive analysis of Propositions 7 and 115 and Senate Bill 1437, as well as the separation of powers doctrine and victims' rights to finality of judgments as protected in Marsy's Law, our colleagues in Division Two of the Fourth District in *People v. Johns* (2020) 50 Cal.App.5th 46, 63-69 rejected the reasoning employed by the superior court in this case and held Senate Bill 1437 is constitutional.

All other courts of appeal that have considered any of these grounds for a constitutional attack on Senate Bill 1437 have likewise rejected them. (See, e.g., *People v. Prado* (2020) 49 Cal.App.5th 489; *People v. Smith* (2020) 49 Cal.App.5th 85,

9

review granted July 22, 20202, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Lamoureux* (2019) 42 Cal.App.5th 241.) We find the reasoning in these cases compelling and adopt it as our own.

> 2. *Remand Is Required To Determine Whether Snyder Has Made a Prima Facie Showing He Is Entitled to Relief*

As discussed, section 188, subdivision (a)(3), precludes a conviction for murder of anyone who did not act with "malice aforethought" except in cases of felony murder, as specified in section 189, subdivision (e), and specifically prohibits imputing malice based solely on participation in a crime. Section 189, subdivision (e)(3), however, provides an aider and abettor of one of the felonies listed in section 189, subdivision (a), who is not the actual killer, may be convicted under the felony-murder rule without proof of an intent to kill (that is, without proof of "malice") if that person was "a major participant in the underlying felony and acted with reckless indifference to human life." This single exception to the prohibition of imputing malice applies only to cases tried under the felony-murder rule, not the natural and probable consequences doctrine.

Here, there is no dispute Snyder was not the shooter. The jury was instructed Snyder could be found guilty of Pickett's murder if he was a member of a conspiracy and the murder was the natural and probable or reasonably foreseeable consequence of the originally contemplated objective of the conspiracy. (*People v. Snyder*, *supra*, B056621, at p. 10.) Alternatively, the jury was instructed Snyder could be found guilty of murder if he aided and abetted a criminal act for which murder was a reasonably foreseeable consequence. (*Id.* at pp. 11-12.)

As we explained in *Verdugo*, after receiving a facially sufficient petition but before appointing counsel for the petitioner, the superior court may examine the readily available portions of the record of conviction, including any appellate opinion affirming the conviction, to determine whether the petitioner has made a prima facie showing that he or she could not be convicted of first or second degree murder following the changes made to sections 188 and 189 and thus falls within the provisions of section 1170.95. (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330, 332.) We cautioned, however, because at this stage the court is only evaluating whether there is a prima facie showing the petition falls within the provisions of the statute, "if the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel, if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Id*. at p. 330.)

Based on his petition and our opinion affirming the conviction, Snyder has made a prima facie showing he falls within the provisions of section 1170.95. Even if he was a major participant in an aggravated assault and acted with reckless indifference to human life, a conviction for murder under the natural and probable consequences doctrine is no longer viable. Accordingly, as the Attorney General concedes, Snyder is entitled to appointment of counsel and to a determination, after briefing by both sides, whether he has made a prima facie showing that

he is entitled to relief, as provided in section 1170.95, subdivision (c).[6]

## DISPOSITION

The postjudgment order denying Snyder's petition for resentencing is reversed. The cause is remanded with directions to appoint counsel for Snyder and to conduct further proceedings pursuant to section 1170.95 with respect to Snyder's conviction for second degree murder.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.

---

[6] Because we find the superior court erred in summarily denying Snyder's petition, we need not address Snyder's argument the superior court violated his state and federal constitutional rights.